UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYLVESTER JAMES MAHONE,<br><br>                Plaintiff,<br><br>   v.<br><br>JAMES MATELJACK, et al.,<br><br>                Defendants. | CASE NO. C11-5682BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 10), and Plaintiff Sylvester James Mahone's ("Mahone") objections to the R&R (Dkt. 11).

On November 7, 2011, Judge Creatura issued the R&R recommending that Mahone's complaint be dismissed for failure to state a claim upon which relief can be granted. Dkt. 10. Judge Creatura found that Mahone's claims were based on facts that implicate a criminal conviction for which he is currently serving a twenty-four-month sentence. *Id*. Accordingly, Judge Creatura recommended that Mahone's claims be dismissed because Mahone is challenging facts that support the criminal conviction, and

ORDER - 1

therefore, must challenge such facts in a petition for a writ of habeas corpus. *Id.* at 3 (citing *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997)).

On November 17, 2011, Mahone filed objections to the R&R arguing that he has a proper "prisoner retaliation claim" brought under the First Amendment to the United States Constitution and that "he is not and his complaint does not challenge or collaterally attack his criminal conviction." Dkt. 11 at 2.

Mahone was convicted of felony harassment for activities that occurred at the Pierce County Jail and is now serving a twenty-four-month sentence for that conviction. *See* Dkt. 8. Mahone insists that, in bringing his retaliation claim, he is not attempting to challenge the underlying facts of his conviction. Dkt. 11. However, Mahone's amended complaint specifically alleges that Defendants' retaliation included "filing criminal charges against Plaintiff with the State." Dkt. 8 at 3. Accordingly, the Court concludes that Mahone's claims would necessarily imply the invalidity of his conviction, and his challenge must be brought as a petition for a writ of habeas corpus.

The Court having considered the R&R, Mahone's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **DISMISSED**.

Dated this 3rd day of January, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge